UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
AUBREY L. THOMAS
ASSISTANT UNITED STATES TRUSTEE
ERIN COUGHLIN
TRIAL ATTORNEY
615 E. HOUSTON ST., SUITE 533
SAN ANTONIO, TX 78205
Telephone: (210) 472-4640
Facsimile: (210) 472-4649
E-mail: Erin.Coughlin@usdoj.gov

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FERNANDO ALFONSO GARZA, | § | CASE NO. 23-50802-mmp |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |
| KEVIN M. EPSTEIN, | § | |
| UNITED STATES TRUSTEE, REGION 7 | § | ADVERSARY PROCEEDING |
| PLAINTIFF, | § | ADV. PROC. NO. _____ |
| | § | |
| v. | § | |
| | § | |
| NEW HORIZON ABODE LLC, | § | |
| DANNITESS MATTHEY, | § | |
| DENNIS MORENO, | § | |
| ESPI PROPERTIES, LLC AND | § | |
| CRYSTAL BARRAGAN, | § | |
| | § | |
| DEFENDANTS. | § | |

**THE UNITED STATES TRUSTEE'S COMPLAINT FOR RETURN OF FEES, FOR THE ASSESSMENT OF FINES AND STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF AGAINST BANKRUPTCY PETITION PREPARERS AND DEBT RELIEF AGENCIES FOR VIOLATIONS OF 11 U.S.C. §§ 110 AND 526 THROUGH 528**

1

**TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTCY JUDGE:**

Kevin M. Epstein, United States Trustee for Region 7 (the "U.S. Trustee"), through the undersigned counsel, hereby seeks relief against New Horizon Abode LLC, Dannitess Matthey, Dennis Moreno, ESPI Properties LLC, and Crystal Barragan, pursuant to 11 U.S.C. §§ 110 and 526 as detailed below.

## I. JURISDICTION AND VENUE

1. This complaint is filed pursuant to 11 U.S.C. §§ 110 and 526 and Fed. R. Bankr. P. 7001(7) and 7065.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and 11 U.S.C. §§ 110 and 526.

3. Venue is proper under 28 U.S.C. § 1409(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The U.S. Trustee has standing to bring this action and to be heard under 11 U.S.C. §§ 307 and 110.

## II. PARTIES AND FACTUAL BACKGROUND

5. Kevin M. Epstein is the duly appointed United States Trustee for Region 7, which includes the Western District of Texas.

6. Upon information and belief, defendant New Horizon Abode LLC ("New Horizon Abode") is a Texas limited liability company that sometimes does business as New Horizon Sellers.

7. Upon information and belief, defendant Dannitess Matthey ("Matthey") is the managing member of New Horizon Abode.

8. Upon information and belief, defendant Dennis Moreno ("Moreno") is Matthey's

business partner and is an agent of New Horizon Abode.

9. During all times described in this complaint, upon information and belief, Matthey was acting on behalf of New Horizon Abode, as its agent, and on behalf of herself individually.

10. During all times described in this complaint, upon information and belief, Moreno was acting on behalf of New Horizon Abode, as its agent, and on behalf of himself individually.

11. Upon information and belief, the mailing address for New Horizon Abode is 12370 Potranco Rd., Suite 207, PMB 1067, San Antonio, TX 78253-4260. New Horizon Abode also uses the internet website domains www.newhorizonsellers.com and www.newhorizonabode.com to conduct its business.

12. Upon information and belief, defendant ESPI Properties LLC ("ESPI") is a Texas limited liability company.

13. Upon information and belief, Crystal Barragan ("Barragan") is an employee and/or agent of ESPI.

14. During all times described in this complaint, upon information and belief, Barragan was acting on behalf of ESPI, as its agent/employee, and on behalf of herself, individually.

15. Upon information and belief, the physical location of ESPI is 6836 San Pedro Ave., San Antonio, TX 78216, and the mailing address of ESPI is 1106 Branch Spg., San Antonio, TX 78258.

16. New Horizon Abode is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1).

17. New Horizon Abode is a debt relief agency as defined by 11 U.S.C. § 101(12A).

18. Matthey is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1).

19. Moreno is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1).

20. ESPI is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1).

21. ESPI is a debt relief agency as defined by 11 U.S.C. § 101(12A).

22. Barragan is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1).

23. As set forth in detail below, and upon information and belief, the Defendants received actual compensation and/or prepared bankruptcy documents for filing for the Debtor with the understanding that the Defendants' compensation would be received through the purchase of the Debtor's home.

24. Fernando Alfonso Garza (the "Debtor") filed for relief under chapter 7 of the Bankruptcy Code *pro se* on June 26, 2023, in the Western District of Texas, San Antonio Division, case number 23-50802-mmp ("Bankruptcy Case").

25. The Debtor is an "assisted person" as that term is defined under 11 U.S.C. § 101(3). In his voluntary petition, the Debtor asserted that his debts were primarily consumer debts. *See* Bankruptcy Case, Docket No. 1. Additionally, upon information and belief, the Debtor's nonexempt property is worth less than $226,850.00.

### III.  FACTUAL BACKGROUND

26. In April 2019, the Debtor purchased his homestead located at 7107 Elk Trail, San Antonio, TX 78244 (the "Property") for approximately $172,951.00.

27. The Debtor granted Guild Mortgage Company ("Guild") a first-position deed of trust in the Property to secure payment of the funds used to buy the Property.

28. Upon information and belief, the Debtor defaulted on making secured debt payments to Guild on the Property.

29. Guild initiated foreclosure proceedings against the Property with a foreclosure sale set on or around July 5, 2023.

30. Upon information and belief, on or around May 22, 2023, Matthey contacted the Debtor by knocking on the front door of the Debtor's Property. The Debtor answered the door and spoke to Matthey. Matthey presented the Debtor with a business card showing that she works for New Horizon Abode.

31. Upon information and belief, Matthey was aware that Guild had initiated foreclosure proceedings.

32. Matthey offered to purchase the Property before the foreclosure sale occurred.

33. On May 30, 2023, Matthey and the Debtor signed a document titled TREC One to Four Family Residential Contract (the "Sale Contract"). The Sale Contract provided that Matthey would purchase the Property from the Debtor for $180,000 by way of a loan assumption agreement and payment of $5,000 in cash to the Debtor.

34. Upon information and belief, as of May 30, 2023, the Property had equity in excess of the $5,000 amount that Matthey contracted to pay the Debtor.

35. Pursuant to the Sale Contract, the closing date for the sale of the Property was scheduled to occur on or before June 28, 2023.

36. On June 16, 2023, Matthey signed a document titled, "Agreement to Assign Contract for Sale and Purchase" in which she assigned her rights under the Sale Contract to ESPI ("Assignment Contract").

37. The Assignment Contract provided that, in exchange for the assignment, ESPI would pay Matthey an "assignment fee" of $10,000 at the time of signing the agreement, along with $20,000 plus closing costs payable at the time of closing of the transaction.

38. Upon information and belief, the Defendants would receive compensation from the Debtor in the form of the excess equity in the Property upon closing the purchase of the Property.

39. Because Matthey and ESPI signed the Assignment Contract on June 16, 2023, upon information and belief, ESPI paid or should have paid Matthey $10,000.00 as compensation in connection with the transaction with the Debtor.

40. Upon information and belief, Matthey was unable to close the sale transaction of the Property on or before June 28, 2023.

41. Upon information and belief, Matthey advised the Debtor to file a bankruptcy to prevent a foreclosure sale on the Property.

42. Upon information and belief, Matthey informed the Debtor that she had been talking with Barragan, who is a representative of ESPI, about options that could prevent foreclosure of the Property.

43. Upon information and belief, Barragan contacted the Debtor and told him that he could file a "ghost bankruptcy" that would be taken off the Debtor's record.

44. Thereafter, upon information and belief, Matthey sent the Debtor an email with blank bankruptcy forms, which Matthey described as "blank ghost bankruptcy forms."

45. Upon information and belief, Matthey and Barragan advised the Debtor that his bankruptcy filing would be a "ghost filing" that would not "go through" but would simply stop the foreclosure sale for a period of time so that the sale of the Property could be completed.

46. Upon information and belief, Matthey and Barragan advised the Debtor to not attend any Court hearings or meetings in the Bankruptcy Case after it was filed.

47. On June 26, 2023, Matthey and Moreno accompanied the Debtor to the clerk's office at the U.S. Bankruptcy Court for the Western District of Texas in San Antonio, where the Debtor filed the Bankruptcy Case.

48. Upon information and belief, prior to going to the courthouse, Matthey directed

Garza to simply say that they were "friends" if anyone asked who they were.

49. Upon information and belief, Matthey told Garza to "[m]ake sure you don't tell them what you are trying to do with the house."

50. On June 26, 2023, Debtor filed a Voluntary Petition for Individuals Filing for Bankruptcy, which initiated the Bankruptcy Case.

51. On June 28, 2023, the Debtor signed a Warranty Deed, a HUD Settlement Statement, and an Acknowledgement of Disclosure (the "Sale Documents") on June 28, 2023.

52. Upon information and belief, Matthey and Moreno were present when the Debtor signed the Sale Documents on June 28, 2023.

53. Upon information and belief, the title company would not close the sale of the Property to ESPI because the title company received notice of the bankruptcy case.

54. To date, the Debtor has not filed the documents required under 11 U.S.C. § 521.

55. As of the filing of the Complaint, the Debtor's bankruptcy case is pending and any foreclosure proceeding is currently stayed.

56. Upon information and belief, the Defendants did not provide the Debtor with a completed copy of Official Form B119 prior to preparing the documents and accepting payment in connection with the transactions with the Debtor.

57. On page 8 of the voluntary petition, in answer to the question "Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?" the Debtor answered "no." *See* Bankruptcy Case, Docket No. 1, p. 8.

58. The Defendants did not complete or file the Official Form B119 disclosing their identities and services.

59. The Defendants never filed a Disclosure of Compensation in accordance with

Bankruptcy Rule 2016.

60. Upon information and belief, the Debtor did not execute a written contract with the Defendants that explains clearly and conspicuously the bankruptcy assistance services the Defendants would provide and the fees or charges that Defendants would provide for such services.

61. Upon information and belief, the Defendants never provided the Debtor with the disclosures required by 11 U.S.C. § 527 or the required disclosures of 11 U.S.C. § 110(b)(2).

62. Upon information and belief, the Debtor has suffered actual damages as a result of the Defendants' conduct, in an amount to be proven at trial.

63. Plaintiff reserves the right to amend this Complaint to include additional factual allegations and claims as discovery is ongoing.

## IV. COUNT ONE
### Failure to Include Identifying Information on Documents – 11 U.S.C. § 110(b)(1)

64. Paragraphs 1 through 63 are incorporated herein by reference.

65. The information required by 11 U.S.C. § 110(b)(1), including the Defendants' names, addresses, and signatures, does not appear anywhere in the documents filed in the Debtor's case.

66. Pursuant to 11 U.S.C. § 110(h)(3)(B), the Court should order the forfeiture to the Debtor of all fees paid or promised to be paid to the Defendants because the Defendants failed to comply with 11 U.S.C. § 110(b)(1).

67. Pursuant to 11 U.S.C. § 110(*l*)(1), the Court should fine the Defendants $500 for each of the Defendants' failures to comply with 11 U.S.C. § 110(b)(1).

68. Pursuant to 11 U.S.C. § 110(*l*)(2)(D), the Court should triple the fine imposed pursuant to paragraph 67 above because the Defendants prepared the Debtor's documents for filing

in a manner that failed to disclose the Defendants' identities.

69. Pursuant to 11 U.S.C. § 110(i)(1), the Court should order the Defendants to pay $2000 plus actual damages to the Debtor because the Defendants violated 11 U.S.C. § 110(b)(1).

## V. COUNT TWO
### Failure to give written notice prior to preparing documents or accepting fees – 11 U.S.C. § 110(b)(2)

70. Paragraphs 1 through 63 are incorporated herein by reference.

71. Upon information and belief, the Defendants did not provide the Debtor with a written notice required by Official Form B119 prior to preparing the Debtor's voluntary petition or before receiving payment from him for their services, as required by 11 U.S.C. § 110(b)(2).

72. Pursuant to 11 U.S.C. § 110(h)(3)(B), the Court should order the forfeiture to the Debtor of all fees paid or promised to be paid to the Defendants because the Defendants failed to comply with 11 U.S.C. § 110(b)(2).

73. Pursuant to 11 U.S.C. § 110(*l*)(1), the Court should fine the Defendants $500 for each of the Defendants' failures to comply with 11 U.S.C. § 110(b)(2).

74. Pursuant to 11 U.S.C. § 110(*l*)(2)(D), the Court should triple the fine imposed pursuant to paragraph 73 above because the Defendants prepared the Debtor's documents for filing in a manner that failed to disclose the Defendants' identities.

75. Pursuant to 11 U.S.C. § 110(i)(1), the Court should order the Defendants to pay $2,000 plus actual damages to the Debtor because the Defendants violated 11 U.S.C. § 110(b)(2).

## VI. COUNT THREE
### Failure to disclose preparer's identifying number – 11 U.S.C. § 110(c)

76. Paragraphs 1 through 63 are incorporated herein by reference.

77. Defendants prepared bankruptcy documents for the Debtor but did not list the identifying number for each "principal, responsible person, or partner of the bankruptcy petition preparer" in violation of 11 U.S.C. § 110(c).

78. Pursuant to 11 U.S.C. § 110(h)(3)(B), the Court should order the forfeiture to the Debtor of all fees paid or promised to be paid to the Defendants because the Defendants failed to comply with 11 U.S.C. § 110(c).

79. Pursuant to 11 U.S.C. § 110(*l*)(1), the Court should fine the Defendants $500 for each of the Defendants' failures to comply with 11 U.S.C. § 110(b)(1).

80. Pursuant to 11 U.S.C. § 110(*l*)(2)(D), the Court should triple the fine imposed pursuant to paragraph 80 above because the Defendants prepared the Debtor's documents for filing in a manner that failed to disclose the Defendants' identities.

81. Pursuant to 11 U.S.C. § 110(i)(1), the Court should order the Defendants to pay $2,000 plus actual damages to the Debtor because the Defendants violated 11 U.S.C. § 110(c).

## VII. COUNT FOUR
### Prohibited Legal Advice – 11 U.S.C. § 110(e)(2)

82. Paragraphs 1 through 63 are incorporated herein as if set forth in full.

83. The Defendants offered the Debtor legal advice by advising the Debtor to file bankruptcy in violation of 11 U.S.C. § 110(e)(2).

84. Pursuant to 11 U.S.C. § 110(h)(3)(B), the Court should order the forfeiture to the Debtor of all fees paid or promised to be paid to the Defendants because the Defendants failed to comply with 11 U.S.C. § 110(e).

85. Pursuant to 11 U.S.C. § 110(*l*)(1), the Court should fine the Defendants $500 for each of Defendants' failures to comply with 11 U.S.C. § 110(e)(2).

86. Pursuant to 11 U.S.C. § 110(*l*)(2)(D), the Court should triple the fine imposed

pursuant to paragraph 85 above because the Defendants prepared the Debtor's documents for filing in a manner that failed to disclose the Defendants' identities.

87. Pursuant to 11 U.S.C. § 110(i)(1), the Court should order the Defendants to pay $2,000 plus actual damages to the Debtor because the Defendants violated 11 U.S.C. § 110(e).

## VIII. COUNT FIVE
### Failure to Disclose Fees – 11 U.S.C. § 110(h)(2)

88. Paragraphs 1 through 63 are incorporated herein as if set forth in full.

89. The Defendants did not file a declaration regarding the amount of money they received as compensation from the Debtor for preparation of the bankruptcy petition and related documents, as required by 11 U.S.C. § 110(h)(2).

90. Pursuant to 11 U.S.C. § 110(h)(3)(B), the Court should order the forfeiture to the Debtor of all fees paid or promised to be paid to the Defendants because the Defendants failed to comply with 11 U.S.C. § 110(h)(2).

91. Pursuant to 11 U.S.C. § 110(*l*)(1), the Court should fine the Defendants $500 for each of Defendants' failures to comply with 11 U.S.C. § 110(h)(2).

92. Pursuant to 11 U.S.C. § 110(*l*)(2)(D), the Court should triple the fine imposed pursuant to paragraph 91 above because the Defendants prepared the Debtor's documents for filing in a manner that failed to disclose the Defendants' identities.

93. Pursuant to 11 U.S.C. § 110(i)(1), the Court should order the Defendants to pay $2,000 plus actual damages to the Debtor because the Defendants violated 11 U.S.C. § 110(h)(2).

## IX. COUNT SIX
### Injunction from Acting as a Bankruptcy Petition Preparer – 11 U.S.C. §§ 110(j)(2)(A), (B)

94. Paragraphs 1 through 63 are incorporated herein as if set forth in full.

95. The Defendants engaged in multiple acts that violate 11 U.S.C. § 110.

96. The Defendants engaged in fraudulent, unfair, and deceptive conduct by advising the Debtor that he could file a "ghost" bankruptcy case for the sole purpose of delaying a foreclosure sale.

97. The Defendants further engaged in fraudulent, unfair, and deceptive conduct by advising the Debtor that the bankruptcy case would be removed from his financial record.

98. The Defendants further engaged in fraudulent, unfair, and deceptive conduct by advising the Debtor that he should not attend any Court hearings or meetings after his bankruptcy case is filed.

99. Pursuant to 11 U.S.C. §§ 110(j)(2)(A) and (B), the Court should permanently enjoin the Defendants from acting as a bankruptcy petition preparer.

## X. COUNT SEVEN
### Advising the Debtor to Make a False Statement – 11 U.S.C. § 526(a)(2)

100. Paragraphs 1 through 63 are incorporated herein as if set forth in full.

101. Section 526(a)(2) of the Bankruptcy Code prohibits a debt relief agency from advising any assisted person to make or personally making any statement in a document filed in a case that is "untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading."

102. Upon information and belief, Matthey provided the Debtor with bankruptcy forms and advised him that he would be filing a "ghost bankruptcy" that would be removed from his financial record.

103. Upon information and belief, Defendants advised the Debtor to not appear at any of the Court hearings or meetings related to his Bankruptcy Case.

104. Upon information and belief, Defendants advised the Debtor to not tell anyone that

the Defendants had assisted him with filing for bankruptcy.

105. Defendants' advice in paragraphs 102, 103, and 104 was untrue and misleading.

106. On the voluntary petition, on page 8, in answer to the question "Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?" the Debtor answered "no." Bankruptcy Case, Docket No. 1, p. 8.

107. The answer on page 8 of the voluntary petition described above was false.

108. The Defendants' conduct in regard to the Debtor was intentional.

109. The Defendants have engaged in a pattern of violating 11 U.S.C. § 526.

110. Pursuant to 11 U.S.C. § 526(c)(5), the Court should enjoin the New Horizon Abode and ESPI from further violating 11 U.S.C. § 526, by enjoining New Horizon Abode and ESPI from advising any assisted person to file a bankruptcy petition.

111. A monetary penalty is also warranted pursuant to 11 U.S.C. § 526(c)(5). *See, e.g., Law Solutions of Chicago, LLC v. Corbett*, 971 F.3d 1299, 1320 (11th Cir. 2020) (noting that "monetary sanctions of $25,000 per case seem to be the normal sanction for serious violations in this Bankruptcy Court . . . ."); *In re Shippy*, 605 B.R. 54, 61-62 (Bankr. D. S.C. 2019) (imposing monetary sanctions on another national law firm for numerous violations of the Bankruptcy Code); *In re Huffman*, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014) (imposing penalty four times greater than the amount of fees paid by the debtor); *In re Cruz*, 2020 WL 5083326, *34 (Bankr. S.D. Tex. Aug. 27, 2020) (finding civil penalty of three times the amount of fees paid by the debtor was appropriate).

112. Therefore, the Court should impose an appropriate civil monetary penalty, which should be no less than $5,000.00, on New Horizon Abode and ESPI for each violation of 11 U.S.C. § 526 detailed herein.

## XI. COUNT EIGHT
**Failure to Advise the Debtor of the Risks of Filing Bankruptcy – 11 U.S.C. § 526(a)(3)(B)**

113. Paragraphs 1 through 63 are incorporated herein as if set forth in full.

114. Defendants advised the Debtor to file his bankruptcy case.

115. Defendants misrepresented to the Debtor the benefits and risks that may result from filing a bankruptcy case.

116. Upon information and belief, Defendants advised the Debtor that this bankruptcy would be a "ghost bankruptcy" that would be removed from his financial record.

117. Defendants failed to advise the Debtor that filing for bankruptcy but not completing the chapter 7 case would not help him to save his Property from foreclosure.

118. The Defendants' conduct in regard to the Debtor was intentional.

119. The Defendants have engaged in a pattern of violating 11 U.S.C. § 526.

120. Pursuant to 11 U.S.C. § 526(c)(5), the Court should enjoin New Horizon Abode and ESPI from further violating 11 U.S.C. § 526, by enjoining New Horizon Abode and ESPI from advising any assisted person to file a bankruptcy petition. A monetary penalty is also warranted pursuant to 11 U.S.C. § 526(c)(5). *See, e.g., Law Solutions of Chicago, LLC v. Corbett*, 971 F.3d 1299, 1320 (11th Cir. 2020) (noting that "monetary sanctions of $25,000 per case seem to be the normal sanction for serious violations in this Bankruptcy Court . . . ."); *In re Shippy*, 605 B.R. 54, 61-62 (Bankr. D. S.C. 2019) (imposing monetary sanctions on another national law firm for numerous violations of the Bankruptcy Code); *In re Huffman*, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014) (imposing penalty four times greater than the amount of fees paid by the debtor); *In re Cruz*, 2020 WL 5083326, *34 (Bankr. S.D. Tex. Aug. 27, 2020) (finding civil penalty of three times the amount of fees paid by the debtor was appropriate).

121. Therefore, the Court should impose an appropriate civil monetary penalty, which should be no less than $5,000.00, on New Horizon Abode and ESPI for each violation of 11 U.S.C. § 526 detailed herein.

## XII. COUNT NINE
### Failure to Provide Disclosures Under Section 527 and 528 – 11 U.S.C. § 526(c)(2)

122. Paragraphs 1 through 63 are incorporated herein as if set forth in full.

123. Section 527 requires that a "debt relief agency" provide certain required disclosures to an assisted person.

124. Upon information and belief, Defendants did not provide such disclosures to the Debtor.

125. Thus, upon information and belief, Defendants violated 11 U.S.C. § 527.

126. The Defendants' failure to comply with 11 U.S.C. § 527 was intentional or negligent.

127. Pursuant to 11 U.S.C. § 526(c)(2), the Court should award the Debtor actual damages, and if appropriate, reasonable attorneys' fees and costs.

128. Pursuant to 11 U.S.C. § 526(c)(5), the Court should enjoin New Horizon Abode and ESPI from further violating 11 U.S.C. § 526, by enjoining New Horizon Abode and ESPI from advising any assisted person to file a bankruptcy petition.

129. A monetary penalty is also warranted pursuant to 11 U.S.C. § 526(c)(5). *See, e.g., Law Solutions of Chicago, LLC v. Corbett*, 971 F.3d 1299, 1320 (11th Cir. 2020) (noting that "monetary sanctions of $25,000 per case seem to be the normal sanction for serious violations in this Bankruptcy Court . . . ."); *In re Shippy*, 605 B.R. 54, 61-62 (Bankr. D. S.C. 2019) (imposing monetary sanctions on another national law firm for numerous violations of the Bankruptcy Code);

*In re Huffman*, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014) (imposing penalty four times greater than the amount of fees paid by the debtor); *In re Cruz*, 2020 WL 5083326, *34 (Bankr. S.D. Tex. Aug. 27, 2020) (finding civil penalty of three times the fees paid by the debtor was appropriate).

130. Therefore, the Court should impose an appropriate civil monetary penalty, which should be no less than $5,000.00, for each violation of 11 U.S.C. § 526 detailed herein.

### XIII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the U.S. Trustee respectfully requests judgment from the Court as follows:

As to Plaintiff's Counts One through Seven,

A. Requiring the Defendants to forfeit and return to the Debtor any fees paid or promised to be paid to the Defendants in accordance with 11 U.S.C. § 110(h)(3)(B);

B. Imposing a fine of $2,500.00 ($500 times 5 violations) upon each Defendant pursuant to 11 U.S.C. § 110(*l*)(1), and tripling said fine pursuant to 11 U.S.C. § 110(*l*)(2)(D) for a fine of $7,500.00 **per Defendant**; and

C. Awarding the Debtor his actual damages plus $2,000 to be paid jointly and severally by all Defendants.

As to Count Six, permanently enjoining the Defendants from acting as a bankruptcy petition preparers in the Western District of Texas.

As to Counts Seven through Nine, permanently enjoin **New Horizon Abode and ESPI** from further violating 11 U.S.C. §§ 526, 527, and 528 by prohibiting **New Horizon Abode and ESPI** from advising any assisted person for filing a bankruptcy petition, and impose an appropriate civil penalty, which should be no less than $15,000.00 each **against New Horizon Abode and ESPI**, and for such further relief as is just.

16

Dated: September 1, 2023               Respectfully submitted,

                                                      KEVIN M. EPSTEIN
                                                     United States Trustee Region 7
                                                     Southern and Western Districts of Texas

                                        By: */s/ Erin Coughlin*
                                                     Erin Coughlin
                                                     Trial Attorney
                                                     Texas State Bar No.: 24107740
                                                     615 E. Houston St., Suite 533
                                                     San Antonio, TX 78205
                                                     Telephone: (210) 472-4640
                                                     Fax: (210) 472-4649
                                                     Erin.Coughlin@usdoj.gov

**FORM 104 (10/06)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** <br> New Horizon Abode, LLC; Dannitess Matthey; Dennis Moreno; ESPI Properties, LLC; Crystal Barragan |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**FORM 104 (10/06), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||| BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.